## J. E. Pickens, Appellee, v. City of Kankakee, Appellant.

## Gen. No. 6,262.    (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon.. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by J. E. Pickens, plaintiff, against the City of Kankakee, the Kankakee Water Works and Fred Herscher, defendants, to recover for personal injuries sustained as the result of falling into a hole in the street at night and striking his leg against a water pipe and faucet in said hole. From a judgment in favor of plaintiff for $2,000 against the City of Kankakee after dismissal before trial as to defendant Kankakee Water Works and judgment for defendant Herscher on a directed verdict, defendant city appeals.

H. H. WHITTEMORE, for appellant.

C. M. CLAY BUNTAIN and T. F. DONOVAN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1225*—*when notice of personal injuries sufficient.* The statutory notice of personal injuries filed with the city attorney and city clerk is sufficient, although it does not contain the address of the attending physician, where such physician also holds the position of city physician and there is no other physician of the same name in the city, as it must be assumed that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the residence of such physician is known to the city officers and that by the exercise of reasonable diligence they could ascertain any fact for which resort to the attending physician was necessary.

2. EVIDENCE, § 444*—*when opinions of physician partly based on subjective symptoms competent.* Opinions of a physician founded in part upon subjective symptoms, the knowledge of which is derived by the physician during the treatment of the patient, are competent.

3. EVIDENCE, § 444*—*when medical witness may testify as to subjective symptoms.* A medical witness is not disqualified from giving his opinion founded on subjective symptoms by the mere fact that after having treated the patient for some time he became a witness in his behalf.

4. MUNICIPAL CORPORATIONS, § 1085*—*when presumed to have had notice of defect in street.* A city is presumed to have had notice of a hole in the street around an iron pipe and water faucet, three feet wide and from four to eighteen inches deep, so as to have had time to repair it where the hole has existed in substantially the same condition for more than two and a half months.

5. MUNICIPAL CORPORATIONS, § 972*—*when required to keep street in condition for pedestrians.* Where a pedestrian walking upon a street in which no sidewalk had been laid was injured by falling into a hole therein soon after reaching the portion of the street where the sidewalk began, and while actually attempting to get upon the same, it was *held* that the city should have anticipated the use of that portion of the street by pedestrians and was therefore liable for failure to exercise reasonable care to keep it in a reasonably safe condition for such use.

6. DAMAGES, § 115*—*when verdict for personal injuries not excessive.* A verdict for $2,000 in favor of a contractor for temporary injuries to his knee joint and leg, *held* not excessive.

7. INSTRUCTIONS, § 151*—*when properly refused.* Requested instructions covered by the main charge are properly refused.

8. INSTRUCTIONS, § 13*—*when properly refused.* Requested instructions which are involved are properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.